IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| W. KIRB QUALLS, JR., )<br>               Plaintiff )<br>)<br>)<br>v.                       )<br>)<br>)<br>GIANT FOOD, INC., et al.,   )<br>)<br>               Defendants )<br>_____) | Civil Action No.: JFM-02-543 |

## OPINION

Plaintiff W. Kirb Qualls, Jr. has instituted this action against Giant Food, Inc. ("Giant")[1] alleging racially disparate treatment, failure to promote and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, discrimination under the American with Disabilities Act ("ADA"), quantum meruit, discrimination under the Maryland Human Relations Act, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendant now moves for summary judgment on all counts.

---

[1] Qualls has also asserted claims against several of Giant's employees. Those defendants are entitled to summary judgment for the reasons stated in the accompanying opinion in Carson v. Giant Food, Inc., JFM-96-2882. That opinion also addresses Qualls' hostile work environment claims under Title VII and section 1981 and state law claims against Giant, in addition to global arguments made by Qualls and other Plaintiffs concerning the early right-to-sue notices issued to them by the Equal Employment Opportunity Commission and the viability of applying the continuing violation. Thus, this opinion focuses only on Qualls' disparate treatment claims under Title VII and section 1981, failure to promote claims under Title VII and section 1981 and his ADA claim.

The motion will be granted.

I.

In 1966, Qualls was hired as a produce clerk at Giant. Qualls was promoted to the position of Assistant Produce Manager in 1967. Qualls resigned his position as produce manager in approximately 1976 and continued with Giant as a produce clerk. Sometime between 1986 and 1989, Qualls spoke to management about being promoted to produce manager again. Qualls' name was submitted for promotion by his supervisor. (Qualls Dep. at 43.) However, Qualls was not selected for promotion. Qualls did not speak to anyone about promotion or apply for a new position throughout the 1990s. Qualls was employed in the produce department at Giant Store # 50 at White Oak Shopping Center from 1987 to 1996.

In September 1994, Qualls suffered a work-related back injury. He was unable to work for one week, but then continued to work until October 1995, when he experienced back problems again. On October 31, 1995, Qualls was placed on disability leave. Qualls was released by his physician to return to work on light duty on January 22, 1996, but was unable to lift heavy items. While on light duty, Qualls' duties included washing items and shelves, pushing shopping carts, bagging groceries, and working in the flower department. (Id. at 190-91, 193.) In March 1996, Qualls returned to full duty. Sometime later in 1996, Qualls retired after thirty years of employment with Giant.

On May 28, 1996, Qualls filed a charge of discrimination with the Montgomery County Human Relations Commission ("MCHRC"). The charge stated that Qualls was discriminated against and harassed because of his race, age, and physical handicap. The charge dealt exclusively with Qualls' back injury, alleged harassment of Qualls by his managers about his

ability to work during the period he was on light duty, and a request to work during the morning shift.

On October 30, 1996, Qualls requested that the MCHRC transfer his case to the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issue an immediate right-to-sue letter. The EEOC granted Qualls' request.

II.

Giant makes two arguments in support of its summary judgment motion. First, Giant argues that Plaintiff did not exhaust his administrative remedies as required by Title VII. Second, Giant argues that Plaintiff cannot establish a prima facie case of discrimination.

A.

Giant argues that Qualls failed to exhaust his administrative remedies because he did not include the claims that he is bringing in his administrative charge. "[T]he scope of the civil action is limited to the 'administrative investigation that could reasonably be expected to follow from the administrative charges of discrimination.'" Jones v. Giant Foods, Inc., 2000 WL 1835393, at *4 (D. Md. 2000) (quoting Johnson v. Maryland, 940 F.Supp. 873, 876 (D. Md.1996)); see also Taylor v. Virginia Union Univ., 193 F.3d 212, 239 (4th Cir. 1999) (en banc) (stating that "[o]nly those discrimination claims stated in the administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit") (citations omitted). In his Amended Complaint and Opposition Memorandum, Plaintiff makes numerous discrimination charges against Giant relating to punctured tires, failure to promote, racial graffiti and slurs, a hostile work environment and discriminatory discipline. Qualls is

limited to a Title VII suit involving those claims made in his 1996 claim to the MCHRC and the EEOC: complaints concerning his back injury and the discrimination resulting from that injury.

B.

Plaintiff fails to establish a prima facie case of discrimination regarding his timely claims of disparate treatment discrimination. To proceed on a claim of disparate treatment under Title VII or section 1981,[2] a plaintiff must establish a prima facie case consisting of four elements: (1) the employee is a member of a protected class; (2) the employee was qualified for the job and his performance was satisfactory; (3) in spite of his qualifications and performance, the employee suffered adverse employment action; and (4) the employee was treated differently from similarly situated employees. See McDonnell Douglas Corp., v. Green, 411 U.S. 792, 802 (1973); Williams v. Cerberonics, Inc., 871 F.2d 452, 455 (4th Cir. 1989); Nichols v. Caroline County Bd. of Educ., 123 F.Supp.2d 320, 325 (D. Md. 2000). The first two elements of the prima facie case are undisputed. Plaintiff is African-American. Plaintiff also qualified for his position.

Plaintiff is unable to establish the third and fourth elements of a prima facie case. An employer's act must alter the terms, conditions or benefits of employment to qualify as an adverse employment action. Von Gunten v. Maryland, 243 F.3d 858, 866 (4th Cir. 2001). Plaintiff asserts that he suffered an adverse employment action when he was placed on light duty in a department other than his own department in January 1996. However, there is no evidence that Giant altered the terms, conditions or benefits of Qualls' employment. Plaintiff has provided no evidence that being placed on light duty in his own department was a term, condition or

---

[2]"Under Title VII and . . . Section 1981, the elements of the required prima facie case are the same." Gairola v. Virginia, 753 F.2d 1281, 1285 (4th Cir.1985).

-4-

benefit of his employment. See Von Gunten, 243 F.3d at 867 (stating that it was not clear that use of a state vehicle was a benefit of the plaintiff's employment); Copes v. Henderson, 2001 WL 812353, at *5 (D. Md. 2001) ("[T]he mere transfer of an employee or an alteration in her job responsibilities does not constitute adverse employment action."); cf. Johnson v. Quin Rivers Agency for Community Action, Inc., 140 F.Supp.2d 657, 666 (E.D. Va. 2001) (noting that a transfer to another office was not a demotion and, therefore, not an adverse action). Plaintiff is, therefore, unable to establish that he suffered an adverse action.

Even assuming Plaintiff suffered an adverse action, he is unable to establish the fourth element of a prima facie case. Plaintiff asserts that no other employee was placed on light duty outside of his or her department during his thirty years of employment at Giant. (Qualls Dep. at 195-96.) Plaintiff also asserts that two other white employees on light duty at the same time as Qualls were allowed to remain on light duty in their departments.[3] (Id. at 197.) However, Plaintiff has not established that these two employees, or any other employee who was ever on light duty, were similarly situated to the plaintiff. For example, there is no evidence concerning the injuries of these other two employees, the limitations caused by those injuries or the tasks these employees performed while on light duty. Therefore, the plaintiff is also unable to satisfy the fourth element of a prima facie case of discrimination. Accordingly, summary judgment will be granted on Plaintiff's disparate treatment claims.

### III.

As indicated above, Qualls' failure to promote claim under Title VII is barred because of

---

[3]Specifically, Plaintiff refers to two employees, one in the meat department and one in the pharmacy department. ( Qualls Dep. at 197.)

his failure to exhaust his administrative remedies as to that claim. He asserts a similar claim under section 1981, as to which there is no administrative exhaustion requirement. See Evans v. Giant Food, Inc., 2000 WL 1835398, at *7 (D. Md. 2000). Therefore, I will briefly address that claim on the merits.

To prove a prima facie case of discriminatory refusal to promote, a "plaintiff must prove that (1) plaintiff is a member of a protected group; (2) plaintiff applied for the position in question; (3) plaintiff was qualified for the position; and (4) plaintiff was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994) (citations omitted). Plaintiff did not apply for an open position or attempt to have his name submitted[4] during the three-year statute of limitations period. Therefore, Plaintiff is unable to establish the second element of a prima facie case of discrimination by failure to promote. Accordingly, summary judgment will be granted on Plaintiff's section 1981 failure to promote claim.

IV.

Giant next argues that it is entitled to summary judgment on Plaintiff's claim under the ADA. "An individual is disabled under the ADA or the Rehabilitation Act if he or she: (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." Davis v. University of North Carolina, 263 F.3d 95, 99 (4th Cir. 2001) (citing 42

---

[4]According to Plaintiff, the promotion procedure at Giant was an informal process involving managers submitting the names of worthy employees who were then selected on a merit basis. (Qualls Dep. at 39-45.)

U.S.C.A. § 12102(2) (1995); 29 U.S.C.A. § 705(20)(B)). Plaintiff's back injury prevented him from lifting heavy objects. Plaintiff is unable to establish that he had a physical impairment that substantially limited a major life activity. The term "'disability' does not include temporary medical conditions, even if those conditions require extended leaves of absence from work." Halperin v. Abacus Tech. Corp., 128 F.3d 191, 199 (4th Cir. 1997) (citation and footnote omitted); see also Fitch v. Solipsys Corp., 94 F.Supp.2d 670, 675-76 (D. Md. 2000) (stating that a medical condition that prevented heavy lifting of more than forty pounds was not a disability where it was not permanent). Plaintiff has presented no evidence that his back injury was permanent or that his injury substantially limited any major life activity. It is not clear which major life activity Plaintiff is asserting was limited, but assuming it is working, walking, lifting or another similar life activity, Plaintiff returned to full duty only five months after being placed on disability leave and two months after being placed on light duty. (See Charge to MCHRC, Def. Mem. Ex. 2.) Accordingly, summary judgment will be granted on Plaintiff's claim under the ADA.

A separate order is attached.

Date: February 20, 2002

J. Frederick Motz
United States District Judge